IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**BRUCE PAGE**                                                                                                       **PLAINTIFF**

v.                                   Case No. 3:13-cv-00077-KGB

**ARKANSAS STATE UNIVERSITY;**
**RANDY MARTIN, individually and**
**in his official capacity, and Lori WINN,**
**individually and in her official capacity.**                              **DEFENDANTS**

**ORDER**

Plaintiff Bruce Page brings this action for alleged violations of Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12131 *et seq*. (the "ADA"), Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (the "Rehabilitation Act"), against his former employer, Arkansas State University ("ASU"), and against Randy Martin and Lori Winn.  Mr. Page also brings claims against Mr. Martin and Ms. Winn in their individual capacities only for alleged violations of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. (the "FMLA"), and the Arkansas Civil Rights Act, § 16-123-101 *et seq*. (the "ACRA") (Dkt. No. 6). Defendants moved to dismiss Mr. Page's claims under Federal Rule of Civil Procedure 12(b)(6) (Dkt. No. 4).  Mr. Page responded (Dkt. No. 7).  On April 19, 2013, Mr. Page amended his complaint (Dkt. No. 6).  Defendants now move to dismiss the amended complaint for failure to state a claim upon which relief may be granted (Dkt. No. 9).  For the reasons explained below, defendants' motion to dismiss the amended complaint is granted in part and denied in part (Dkt. No. 9).  Defendants' original motion to dismiss is denied as moot (Dkt. No. 4).

I.      **Factual Background**

In his amended complaint, Mr. Page alleges the following, which the Court accepts as true for purposes of resolving the current motion to dismiss.  ASU employed more than 50

people during each week in 2011 and 2012 within 75 miles of the work site.  ASU also receives federal financial aid.  Mr. Martin is the Chief of Police, and Ms. Winn is the Director of Human Services.  Mr. Page was terminated by Mr. Martin and Ms. Winn, who had the power to hire and fire him.

Mr. Page alleges that he is, or is regarded as, a person with a disability.  Specifically, he suffers from post-traumatic stress disorder, diabetes, and high blood pressure.  He also suffers from back problems.  These conditions are permanent.  His diabetes, combined with his high blood pressure and back problems, substantially limits his ability to think, concentrate, and eat.  Mr. Page was under the regular care of a doctor for his diabetes and high blood pressure.  He was prescribed medication for his chronic serious health condition.  This serious health condition episodically caused him to be unable to work.  He contends that Mr. Martin falsely regarded him as a drunk.

Mr. Page worked for ASU as a dispatcher from August 2010 until May 2012.  In the preceding year, Mr. Page had worked more than 1,250 hours at ASU.  From time-to-time, Mr. Page requested accommodation from the defendants for his diabetes and high blood pressure in the form of leave.  Mr. Page alleges that defendants refused to engage in a good faith interactive process, instead subjecting him to stricter scrutiny by secretly recording him and fabricating false reasons for termination.  Secretly tape recording Mr. Page was in violation of policy, and no other officer was subjected to secret taping to Mr. Page's knowledge.

In February 2012, while on duty, Mr. Page experienced a seizure and requested leave under the FMLA as an accommodation under Section 504 of the Rehabilitation Act.  Mr. Page alleges that Mr. Martin slandered him by calling him overmedicated or drunk to coworkers shortly after the seizure, thereby improperly disclosing personal medical information.  Mr. Page

also alleges that, although he was performing his job satisfactorily, he was subjected to false and escalating disciplinary actions and received a lowered performance evaluation by Mr. Martin. Mr. Martin purportedly made disparaging statements about Mr. Page's need for leave and his disability. Mr. Page continued to suffer from diabetes and requested accommodation.

Mr. Page was terminated by defendants in May 2012. Mr. Page alleges he can perform the essential functions of his job. According to Mr. Page, Ms. Winn knew that he was eligible for FMLA but took the leave into consideration when terminating Mr. Page. Mr. Page alleges that each defendant did not grant all of the leave he requested under the FMLA, that they failed to give him notice of his rights under the FMLA, and that they retaliated against him. Mr. Page contends that defendants terminated and retaliated against him in violation of the ADA, FMLA, Rehabilitation Act, and ACRA. Mr. Page seeks injunctive and declaratory relief under Title II of the ADA and the Rehabilitation Act. Mr. Page also seeks appropriate damages for lost wages, lost fringe benefits, and liquidated damages.

## II. Legal Standard

When ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, the Court "accept[s] as true all of the factual allegations contained in the complaint, and review[s] the complaint to determine whether its allegations show that the pleader is entitled to relief." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). The Court draws all reasonable inferences from the complaint in favor of the nonmoving party. *Crumpley–Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). A motion to dismiss should not be granted merely because the complaint "does not state with precision all elements that give rise to a legal basis for recovery." *Schmedding v. Tnemec Co.*, 187 F.3d 862, 864 (8th Cir. 1999). A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to

relief." *Id.* (quoting Fed. R. Civ. P. 8(a)). Specific facts are not required; the complaint simply must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Stated differently, the nonmoving party must "raise a right to relief above a speculative level." *Schaaf*, 517 F.3d at 549.

### III.   Analysis

Defendants move to dismiss for failure to state a claim upon which relief may be granted, contending that: (1) the claims against Mr. Martin and Ms. Winn in their official capacities for violations for the ADA and Rehabilitation Act are redundant to the claims against ASU; (2) Title II of the ADA does not apply to employment discrimination disputes; (3) even if Title II of the ADA applies to employment discrimination disputes, sovereign immunity protects from suit ASU and Mr. Martin and Ms. Winn in their official capacities; and (4) the law in the Eighth Circuit should be altered such that individual capacity claims brought under the FMLA are not cognizable and, therefore, Mr. Page's claims against Mr. Martin and Ms. Winn should be dismissed.

### A.   ADA And Rehabilitation Act Claims Against Mr. Martin And Ms. Winn In Their Official Capacities

Mr. Page's amended complaint states that Mr. Martin and Ms. Winn are sued only in their individual capacities for alleged violations of the FMLA and retaliation under the ACRA (Dkt. No. 6, at 1). Mr. Page also notes in the style of the case that Mr. Martin and Ms. Winn are

sued in their official capacities, apparently under Title II of the ADA and the Rehabilitation Act. Defendants argue that the claims against Mr. Martin and Ms. Winn should be dismissed as redundant to the claim against ASU. In *Ex parte Young*, 209 U.S. 123, 155-56 (1908), the Supreme Court explained that, although a state or state entity may not be sued without its consent under the Eleventh Amendment, state officials may be sued in their official capacities for prospective injunctive relief when the officials allegedly are acting in violation of the Constitution or federal law. *Mo. Child Care Ass'n v. Cross*, 294 F.3d 1034, 1037 (8th Cir. 2002). Based on this distinction, the Court declines to dismiss the claims against Mr. Martin and Ms. Winn as redundant at this time.

### B.    Claims Under Title II Of The ADA

The ADA "forbids discrimination against persons with disabilities in three major areas of public life: employment, which is covered by Title I of the statute; public services, programs, and activities, which are the subject of Title II; and public accommodations, which are covered by Title III." *Tennessee v. Lane*, 541 U.S. 509, 516-17 (2004).

Title II of the ADA prohibits a public entity from discriminating against "qualified" persons with disabilities in the provision or operation of public services, programs, or activities. 42 U.S.C. § 12132. A "qualified" person is one "with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." *Id.* § 12131(2).

Mr. Page brings his ADA employment discrimination claims under Title II only—not Title I or Title III. Defendants contend that Title II does not apply to employment discrimination claims but concede there is a split in authority on this issue and acknowledge that the Eighth

Circuit has not yet considered it. This Court most recently followed the majority of courts in rejecting Title II employment discrimination claims as a matter of law in *Withers v. Arkansas Department of Corrections*, No. 5:12-cv-00123-KGB (E.D. Ark. Mar. 29, 2013). *See Elwell v. Oklahoma ex rel. Bd. of Regents of Univ. of Okla.*, 693 F.3d 1303, 1309-10 (10th Cir. 2012) (holding "that Title I, not Title II, is the proper tool for pursuing employment discrimination claims"); *Zimmerman v. Or. Dep't of Justice*, 170 F.3d 1169, 1178 (9th Cir. 1999) (holding "that Congress did not intend for Title II to apply to employment"); *Menkowitz v. Pottstown Mem. Med. Ctr.*, 154 F.3d 113 (3d Cir. 1998) (holding that "it is evident that Congress sought to regulate disability discrimination in the area of employment exclusively through Title I"); *Parker v. Metro. Life Ins. Co.*, 121 F.3d 1006, 1014-15 (6th Cir. 1997) (holding that "the statutory framework of the ADA expressly limits discrimination in employment practices to Title I of the ADA"). These courts have based their decisions on the text of Title II, the structure of the ADA, and dicta in Supreme Court decisions.

In support of his position that Title II permits an employment discrimination claim, Mr. Page, like the plaintiff in *Withers,* relies on the Eleventh Circuit's decision in *Bledsoe v. Palm Beach County Soil & Water Conservation District*, 133 F.3d 816 (11th Cir. 1998). The court in *Bledsoe* held that Title II's implementing regulations, which provide in pertinent part that "[n]o qualified individual . . . shall, on the basis of disability, be subjected to discrimination in employment," are subject to deference under *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). *Id.* at 822-23 (quoting 28 C.F.R. § 35.140). The *Bledsoe* court also noted that the "[e]xtensive legislative commentary regarding the applicability of Title II to employment discrimination . . . belie[s] any contention that Title II does not apply to employment actions." *Id.* at 821. Specifically, the court found it "significant that Congress

6

intended Title II to work in the same manner as Section 504 of the Rehabilitation Act, because Section 504 [is] . . . focused on employment discrimination . . . ." *Id*.

In the absence of controlling Eighth Circuit precedent, and consistent with this Court's decision in *Withers*, the Court concludes that Mr. Page's claims are not cognizable under Title II of the ADA. For this reason, the Court dismisses Mr. Page's claims under Title II of the ADA for failure to state a claim upon which relief may be granted. Defendants also contend that, even if Title II applies to employment disputes, the state entity defendants are entitled to sovereign immunity. Because the Court finds that Title II does not apply to employment disputes, the Court declines to address this argument.

    **C.**    **Claims Under The FMLA**

Mr. Martin and Ms. Winn request that this Court alter the law in the Eighth Circuit to state that FMLA claims are not cognizable against individual capacity defendants. This Court declines to do so. In *Darby v. Bratch*, the Eighth Circuit held that, based on the plain language of the statute, the FMLA imposes individual liability on public officials acting in supervisory capacities. 287 F.3d 673, 681 (8th Cir. 2002)(citing 29 U.S.C. § 2611(4)(A)(ii)(I) (defining "employer" as "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer")). The Eighth Circuit's decision in *Darby* authorizes individual capacity suits under the FMLA. Accordingly, this Court denies Mr. Martin and Ms. Winn's motion to dismiss Mr. Page's FMLA claims.

    **IV.**    **Conclusion**

For these reasons, defendants' motion to dismiss Mr. Page's amended complaint is granted in part and denied in part (Dkt. No. 9). This Court declines to dismiss Mr. Page's claims against Mr. Martin and Ms. Winn in their official capacities as redundant to his claims against ASU. This Court dismisses as a matter of law Mr. Page's employment discrimination claims

purportedly brought under Title II of the ADA. This Court denies Mr. Martin and Ms. Winn's motion to dismiss Mr. Page's FMLA claims against them in their individual capacities.

SO ORDERED this 14th day of February, 2014.

_____
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE