IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**BRUCE PAGE**                                                                                           **PLAINTIFF**

v.                                        Case No. 3:13-cv-00077-KGB

**ARKANSAS STATE UNIVERSITY;**
**RANDY MARTIN, individually and**
**in his official capacity, and LORI WINN,**
**individually and in her official capacity**                                                    **DEFENDANTS**

## ORDER

Before the Court is plaintiff Bruce Page's renewed motion to quash (Dkt. No. 37), to which defendants now have filed a response (Dkt. No. 39). In his amended complaint, Mr. Page alleges that defendants Arkansas State University, Randy Martin, and Lori Winn discriminated and retaliated against him on the basis of his disability in violation of federal and state laws, including the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, the Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-101 *et seq.*, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and willfully violated the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq*. Defendants deny the allegations.

In regard to his motion to quash, Mr. Page states that he "was in the hospital, and his health is poor" and that his "endurance and thinking ability are impaired such that he does not feel he can give credible testimony due to possibilities he will misunderstand questions, misspeak, be unable to remember, or remember incorrectly" (Dkt. No. 37). As medical evidence in support of his motion, Mr. Page attached a letter from Dr. James M. Robinette (Dkt. No. 37-1). Dr. Robinette states:

> Mr. Page is under my care for multiple medical problems, including: Insulin dependent diabetes uncontrolled, Spinal stenosis, Intractable pain, Hypertensive

> cardiovascular disease, Neuropathy, Acute and Chronic Pancreatitis, and Hyperlipidemia. He is also subject to hypoglycemia which makes him confused.
>
> Mr. Page is required to take multiple mind-altering medications due to the above problems.
>
> I feel the pain medication and hypoglycemia may affect is [sic] cognitive ability. It might be in his best interest to do a written deposition.

(*Id.*)

Under Federal Rule of Civil Procedure 26(c), a movant for a protective order must show "good cause" for it to be issued, which contemplates "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.3d 1204, 1212 (8th Cir. 1973) (citation omitted). Though protective orders prohibiting depositions are rarely granted, *see Salters v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979) ("It is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error."), a court has discretion to quash a discovery request due to a witness's failing health, "particularly where the information is believed to be obtainable from another source," *Richardson v. Sugg*, 220 F.R.D. 343, 346 (E.D. Ark. 2004) (citing *Ahrens v. Ford Motor Co.*, 340 F.3d 1142, 1147 (10th Cir. 2003)).

In this case, Mr. Page requests that this Court quash the notice of his deposition and suggests that his deposition proceed on written questions. "Written questions are rarely an adequate substitute for oral depositions both because it is difficult to pose follow-up questions and because the involvement of counsel in the drafting process prevents the spontaneity of direct interrogation. Accordingly, depositions upon written questions are disfavored." *Zito v. Leasecomm Corp.*, 233 F.R.D. 395, 397 (S.D.N.Y. 2006).

The Court determines that Mr. Page has not shown good cause for a protective order prohibiting his oral deposition. Although Dr. Robinette speculates that Mr. Page's medical

condition "*may* affect is [sic] cognitive ability" and that it "*might* be in his best interest to do a written deposition" (Dkt. No. 37-1 (emphasis added)), this is inconsistent with Mr. Page's past representations, past actions, and medical history, *see Richardson*, 220 F.R.D. at 346 (denying protective order where evidence, including a doctor's note, purporting to show witness was physically unable to attend scheduled deposition inconsistent with the witness traveling to and attending Razorback basketball games). Mr. Page previously represented that he could proceed with the deposition from September 22, 2014, to October 3, 2014, and possibly October 17, 2014. In fact, a deposition was scheduled for October 3, 2014, but cancelled because Mr. Page had failed to respond to defendants' written discovery requests, not due to his medical condition. Mr. Page eventually responded to defendants' written discovery requests. Mr. Page does not explain these seemingly inconsistent positions. He points to no intervening medical event that now makes him unable to attend a deposition, and Dr. Robinette does not explain why Mr. Page can remember and think clearly enough to participate in written discovery and a written deposition but not an oral deposition.

  Moreover, if despite failing to show good cause Mr. Page does lack the cognitive ability to give credible testimony or meaningfully participate at an oral deposition, it appears to the Court that he likewise would be unable to give credible testimony or meaningfully participate at any hearing or trial in this matter. Neither Mr. Page nor Dr. Robinette gives a time frame for when Mr. Page may be able to attend an oral deposition or when his cognitive abilities might be restored, and there is no indication that the information that Mr. Page would provide is obtainable from another source. This is especially so given the types of claims he advances here and the relief he seeks from defendants.

Mr. Page's motion to quash, extend the discovery deadline, set a new trial date, and issue a new scheduling order is denied. Mr. Page is ordered to submit to a deposition outside the discovery deadline. The parties shall have 45 days after Mr. Page's deposition to file dispositive motions.

SO ORDERED this 4th day of December, 2014.

_____
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE