IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**BRUCE PAGE**                                                                                                    **PLAINTIFF**

v.                              Case No. 3:13-cv-00077-KGB

**ARKANSAS STATE UNIVERSITY;**
**RANDY MARTIN, individually and**
**in his official capacity, and LORI WINN,**
**individually and in her official capacity**                                                 **DEFENDANTS**

## ORDER

Before the Court is plaintiff Bruce Page's motion to dismiss without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2) (Dkt. No. 41). Defendants respond that Mr. Page's causes of action should be dismissed with prejudice or, alternatively, Mr. Page should "be prohibited from engaging in further/additional discovery and prohibited from adding/identifying additional claims and/or parties upon refiling this action" and "be required to reimburse the fees and costs incurred by defendants in defending the present case prior to re-filing a complaint against defendants in this or any other court" (Dkt. No. 42, at 4).

"A decision whether to allow a party to voluntarily dismiss a case rests upon the sound discretion of the court." *Hamm v. Rhone-Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999). The Eighth Circuit has stated that the purpose of Rule 41(a)(2) is "to prevent voluntary dismissals which unfairly affect the other side" and that dismissals generally are not granted "where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit." *Paulucci v. City of Duluth*, 826 F.2d 780, 782 (8th Cir. 1987). In determining whether to grant a voluntary dismissal, courts consider "(1) the defendant's effort and the expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, (3) insufficient explanation of the need to take a dismissal, and

2

(4) the fact that a motion for summary judgment has been filed by the defendant." *Id.* at 783. Courts also consider whether the dismissal would "result in a waste of judicial time and effort," and a party is not permitted to dismiss merely to escape an adverse decision or to seek a more favorable forum. *Hamm*, 187 F.3d at 950.

In his motion, Mr. Page states that he asks for a dismissal without prejudice because of recent changes in the law, representing that he took little to no discovery while awaiting those changes, and because of his ill health. In a recent status report, Mr. Page states that his health has recovered but that he still does not wish to pursue this matter (Dkt. No. 43). Based on the record before the Court and the considerations above, the Court grants Mr. Page's motion to dismiss without prejudice and declines to impose the conditions requested by defendants.

SO ORDERED this 15th day of April, 2015.

_____
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE